IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ADAM TITUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:23-CV-00129-JSD |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SOCIAL SECURITY REPLY BRIEF**

1. <u>The ALJ failed to support his assessment of Dr. Spencer's medical opinion under the regulations.</u>

The ALJ's assessment of Dr. Spencer's medical opinion was unsupported by substantial evidence for two reasons. First, the ALJ failed to articulate how persuasive he found Dr. Spencer's opinion as required by the regulations. *See* 20 C.F.R. § 404.1520c(b). Instead, the ALJ recognized Dr. Spencer's opinion in evaluating the paragraph B criteria and the RFC but never articulated how the persuasiveness or regulatory factors were considered. (*See e.g.*, Tr. at 19). Second, the ALJ didn't explain why limitations from Dr. Spencer's opinion were omitted from the RFC. Dr. Spencer's opinion included a moderate impairment in Titus's ability "to consistently stay on task" that was not accounted for in the RFC. (*See* Tr. at 19, 591). The ALJ's discussion of Dr. Spencer's opinion throughout the decision didn't provide any explanation for why the limitation from that opinion was excluded from the RFC. *See Shenise L. P. v. Saul*, 2020 WL 6799001, at *8 (E.D. Mo. Nov. 19, 2020) (finding error where "the ALJ neither accepted or rejected the portions of Dr. Vines's statement in which he opined that plaintiff was moderately impaired in the abilities to interact appropriately with supervisors and respond appropriately to usual work situations and

1

changes in a routine work setting."). Remand is required for the ALJ to properly consider Dr. Spencer's medical opinion.

Defendant argues that the moderate impairments assessed by Dr. Spencer were "a statement about the severity of impairments, not an opinion." (Def. Br. at 6). The conclusion of Dr. Spencer's consultative examination report included the following statement:

> Given the available information, it is this examiner's opinion that Mr. Titus demonstrates moderate impairment in his ability to learn, recall, and use information and to consistently stay on task. He demonstrates moderate impairment in his ability to relate to and work with others on a consistent basis.

(Tr. at 591). "A medical opinion is a statement from a medical source about what [an individual] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). Dr. Spencer's assessment including finding limitation in Titus's ability to function in different areas of the mental demands of work, including learning, recalling, and using information, remaining on task, and interacting with others is consistent with the regulatory definition of a medical opinion. (Tr. at 591); 20 C.F.R. § 404.1513(a)(2)(ii) (mental demands of work includes understanding, remembering, maintaining concentration, carrying out instructions, and responding appropriately to supervisors and coworkers).

Further, a Court in this district assessed a doctor's statement containing similar limitations as Dr. Spencer's assessment as a medical opinion. *See Shenise L. P.*, 2020 WL 6799001, at \*8 (finding error where "the ALJ neither accepted or rejected the portions of Dr. Vines's opinion in which he opined that plaintiff was moderately impaired in the abilities to interact appropriately with supervisors and respond appropriately to usual work situations and changes in a routine work setting."). And the ALJ's discussion of the other opinions, suggests that he recognized Dr. Spencer's assessment as an opinion. (*See* Tr. at 24: noting Dr. Spencer's moderate limitation in

the area of interacting with others was consistent with the record more than Dr. Stalker's mild social limitations). Thus, Dr. Spencer's assessment of moderate impairment in Titus's ability to perform some of the basic mental demands of work was a medical opinion and should have been assessed as such. *See Bowen v. Kijakazi*, 2023 WL 1765186, at *3 (E.D. Mo. Feb. 3, 2023) (medical opinions must be evaluated for persuasiveness, supportability, and consistency under the requirements of 20 C.F.R. § 404.1520c).

Defendant concludes that "the ALJ properly discharged his duty to assess the record as a whole, resolve inconsistencies, and formulate an RFC finding that accounted for all of Plaintiff's functional limitations as supported by the record." (Def. Br. at 8). Defendant summarized the remainder of the ALJ's discussion of the other opinions and daily activities and concludes that the RFC was supported. The ALJ, however, fundamentally failed to comply with the Regulations in considering Dr. Spencer's opinion. And Defendant's argument presents no authority that contradicts the legal error in failing to consider a medical opinion under the regulations. "No matter the adequacy of the ALJ's general summary of the evidence of record, [he] nevertheless [must] abide by the Regulation's mandate to 'explain'" the persuasiveness, in addition to the factors of supportability and consistency. *Martini v. Kijakazi*, 2022 WL 705528, at *4 (E.D. Mo. Mar. 9, 2022). Additionally, the ALJ failed to explain why the limitation, from Dr. Spencer's opinion, in staying on task was omitted from the RFC. *See Lutz v. Kijakazi*, 2022 WL 782300, at *5 (E.D. Mo. Mar. 15, 2022) (the ALJ's failure to account for a limitation in the RFC after accepting the other opined limitations without explanation was in error).

For the reasons outlined herein and in "Plaintiff's Social Security Brief", remand is required for the ALJ to properly consider Dr. Spencer's assessment of Titus's mental functional limitations.

## Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that this Court order:

3

1. Reversing the determination of the Commissioner denying Plaintiff's application for Disability Insurance Benefits; and
2. Remanding the matter for a new administrative hearing before an Administrative Law Judge; and
3. Award Plaintiff costs and reasonable attorney's fees under the Equal Access to Justice Act, 20 U.S.C.S. § 2412(d); and
4. Granting such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

*s/ Kelsey Young*
KELSEY YOUNG,
Missouri Bar #64483MO
Attorney for Plaintiff
Parmele Law Firm, P.C.

BY

Brooke Qualls
Attorney at Law
Missouri Bar #68337MO
Parmele Law Firm, P.C.

## Certificate of Service

      I hereby certify that on   July 20, 2023,   I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**OGCSSAR7**
Office of General Counsel-SSA Region 7
Kansas City, MO 64106
Email: OGC.Kansas.City.ECFLJ@ssa.gov

**Nicholas P. Llewellyn**
OFFICE OF U.S. ATTORNEY
111 S. Tenth Street
Suite 20.333
St. Louis, MO 63102
314-539-2200
Fax: 314-539-2777
Email: Nicholas.llewellyn@usdoj.gov

                                            */s/ Kelsey Young*
                                            Kelsey Young
                                            MO Bar #64483MO
                                            Attorney for Plaintiff
                                            Parmele Law Firm, P.C.
                                            1545 E. Primrose St.
                                            Springfield, MO 65804
                                            Phone: (417) 889-2570
                                            Fax:    (816) 531-3339
                                            dap@danielparmelelaw.com