UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ADAM TITUS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-00129-JSD |
| MARTIN J. O'MALLEY,<br>Commissioner of Social Security[1], | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Martin J. O'Malley, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff John Adam Titus ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). [ECF No. 9]. For the reasons stated herein, this Court reverses and remands the matter to the Commissioner for further consideration.

    **I.**    **BACKGROUND**

On September 21, 2021, Plaintiff applied for DIB, alleging that he had been unable to work since October 19, 2019. (Tr. 179-81). His application was initially denied on January 10, 2022, and then subsequently denied upon reconsideration on April 15, 2022. (Tr. 86-90, 107-111). On April 27, 2022, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ") (Tr. 113-

---

[1] Martin J. O'Malley is now the Commission of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted for Acting Commissioner Kilolo Kijakazi as the Defendant in this suit.

114). After a hearing, the ALJ found that Titus was not disabled on September 30, 2022 (Tr. 32-60, 11-31).

Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council on October 28, 2022, but the Appeals Council declined to review the case on December 7, 2022. (Tr. 1-6, 174-175). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

Plaintiff filed this appeal on February 6, 2023 [ECF No. 1]. On June 1, 2023, Plaintiff filed a Brief in Support of her Complaint. [ECF No. 11]. The Commissioner filed a Brief in Support of the Commissioner's Decision on July 6, 2023. [ECF No. 14]. Plaintiff replied on July 20, 2023. [ECF No. 15]

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

## II.  STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national

economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process.  *See* 20 C.F.R. §§ 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process).  At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled.   20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611.   At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611.  At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings").  20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process.  20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations."  *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e).  At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d

3

at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); *McCoy*, 648 F.3d at 611. Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff had not engaged in substantial gainful activity since the onset date. (Tr. 16). The ALJ further found that Plaintiff has the severe impairments of post-laminectomy syndrome, degenerative disc disease, chronic pain syndrome, bilateral shoulder impingement syndrome, and neurocognitive disorder; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 16-17). The ALJ found that Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally reach overhead bilaterally and frequently reach in other directions bilaterally. He must avoid concentrated exposure to noise above a moderate level or noise level 3 as defined by the SCO. He must avoid all exposure to excessive vibration and workplace hazards such as unprotected heights. The claimant is able to learn, remember, and carry out simple, routine tasks; apply reason and judgment to make simple, routine work-related decisions; tolerate routine changes in job setting and duties that are introduced gradually to complete simple, routine tasks; and perform job responsibilities that would not require more than occasional contact with the public or interaction with coworkers.

(Tr. 19). The ALJ also found Plaintiff was unable to perform any past relevant work. Finally, at Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform (Tr. 32).

**DISCUSSION**

Plaintiff argues that the ALJ's decision should be reversed because the ALJ failed to identify the persuasiveness of consultive examiner, Dr. Spencer, and failed to explain why the RFC did not include a limitation from Dr. Spencer's opinion. For the reasons laid out below, this Court finds that the ALJ's failure to state whether he or she found Dr. Spencer's opinion persuasive is a legal error requiring remand.

### A.  Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

5

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the [C]ourt finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### A. The ALJ's Treatment of Dr. Spencer's Medical Opinion Evidence Qualifies as Legal Error.

When Plaintiff initially filed his claim for benefits, he submitted an opinion from psychologist Dr. Thomas Spencer, dated January 8, 2022 (Tr. 589). Plaintiff argues that the ALJ's decision does not properly consider Dr. Spencer's medical opinion's persuasiveness as required by 20 C.F.R. § 404.1513(a)(2), constituting a legal error that requires remand. The Commissioner disputes this claim, asserting that, because Dr. Spencer's opinion did not qualify as a medical opinion, the ALJ was not required to evaluate its persuasiveness.

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions...." 20 C.F.R. §§ 404.1513, 416.9133(a)(2). As Plaintiff filed his claim after March 27, 2017, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. §§ 404.1520c, 416.920c. "Under these Regulations, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency,

6

the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies." *See Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898, at *3 (E.D. Mo. Jan. 25, 2022); 20 C.F.R. §§ 404.1520c(c), 416.920c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

In this case, Dr. Spencer's report qualifies as a medical opinion. Dr. Spencer states that Plaintiff had a "moderate impairment in his ability to learn, recall, and use information and to consistently stay on task . . . [and] in his ability to relate to and work with others on a consistent basis." While the Commissioner argues that this language fails to describe what Plaintiff can "still do," this opinion nevertheless describes Plaintiff's impairment-related limitations in performing work activities and is therefore a medical opinion as defined by 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). As such, the question this Court must answer is whether the ALJ properly evaluated whether Dr. Spencer's opinion was persuasive.

The ALJ's discussion of Dr. Spencer's opinion consists of the following:

> On January 5, 2022, the claimant had a consultative examination conducted by Thomas Spencer, Psy.D., which is the only mental evaluation in evidence. At the consultative examination, the claimant described memory loss as his main symptom. He explained that this is more a problem with short-term than long-term memory. For example, he may forget conversations, but is able to play trivia if it deals with information from his past. He also demonstrated some expressive language issues, at his appointment and was found to have a mild impairment in expressive language. (Exhibit 8F/1, 3) The claimant completed the Wechsler Memory Scale-IV (WMS-IV) at the consultative examination, and the results indicated moderate impairment in the functioning his memory. The consultative examiner found moderate limitation in his ability to learn, recall, and use information. (Exhibit 8F/3)

(Tr. 22).

In this discussion, the ALJ failed to articulate the persuasiveness given to Dr. Spencer's medical opinion regarding Plaintiff's mental capabilities. To be sure, the ALJ's failure to comply with the opinion evaluation is a legal error and therefore requires remand. *Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)); *Pipkins*, 2022 WL 218898 (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination); *Bement v. Kijakazi*, No. CV 23-3010, 2023 WL 8720686, at *3 (W.D. Ark. Dec. 18, 2023) (holding that the ALJ's failure to "articulate persuasiveness" was a legal error that warranted remand).

This Court cannot conclude that the ALJ's error was harmless. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.' " *Lucus,* 960 F.3d at 1069 (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)). Dr. Spencer's opinion stated that Plaintiff had a "moderate impairment in his ability to learn, recall, and use information and to consistently stay on task." (*See* Tr. at 591). The ALJ did not mention this limitation in the RFC. (*See* Tr. at 19). Notably, the Programs Operations Manual System (POMS) indicates that "[t]he ability to maintain concentration and attention for extended periods" is a mental ability needed for any job. *See* POMS DI 25020.010(B)(2). Indeed, the vocational expert testified that the maximum tolerance for off-task behavior in the workplace is 10% and anything beyond this would preclude competitive employment. (*See* Tr. at 57). As

such, if the ALJ had found Dr. Spencer's opinion persuasive, the ultimate disability determination might have been different.

Therefore, the Court finds that the ALJ erred in analyzing the persuasiveness of the medical opinion evidence. This error affected the ALJ's RFC determination, which renders it without the support of substantial evidence. On remand, the ALJ is required to explain as to the persuasiveness of the medical evidence, in accordance with 20 C.F.R. § 404.1520c.

### VI. CONCLUSION

For all of the foregoing reasons, the Court finds that the ALJ's failure to evaluate the persuasiveness of Dr. Spencer's opinion is a legal error that requires remand. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED,** and this cause is **REMANDED** to the Commissioner for further consideration consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Martin J. O'Malley is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted for Acting Commissioner Kilolo Kijakazi as the Defendant in this suit.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 14th day of February, 2024.